UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

| | | |
|---|---|---|
| ESAU BURROUGHS, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | No. 2:99-cv-01746 |
| | : | |
| ANDY DOMOVICH, | : | |
| *Superintendent SCI Pittsburgh*; | : | |
| THE DISTRICT ATTORNEY OF THE | : | |
| COUNTY OF PENNSYLVANIA | : | |
| LYNN ABRAHAM; | : | |
| THE ATTORNEY GENERAL OF THE | : | |
| STATE OF PENNSYLVANIA | : | |
| MIKE FISHER, ESQUIRE; and | : | |
| THE DISTRICT ATTORNEY FOR | : | |
| PHILADELPHIA COUNTY, | : | |
| | : | |
| Respondents. | : | |

_____

**MEMORANDUM OPINION**

**Joseph F. Leeson, Jr.**                                                                 **August 10, 2016**
**United States District Judge**

Before the Court is Petitioner Esau Burroughs's "Motion to Vacate Order Denying

Habeas Corpus Relief Pursuant to Fed R. Civ. P. 60(b)(6)", which also contains a request for the

appointment of counsel. Because this Motion is, in substance, a second or successive application

for a writ of habeas corpus, Burroughs must first obtain authorization from the United States

Court of Appeals for the Third Circuit before pursuing his claims in this Court.

Burroughs was convicted in state court of first-degree murder, conspiracy, and possession

of an instrument of crime. In 1999, he filed a federal petition for a writ of habeas corpus

challenging these convictions. His petition contained one claim, which challenged the jury

1

instruction on the topic of accomplice liability. The court denied this claim and a certificate of appealability.

In the instant Motion, Burroughs "moves [the] Court to enter an order granting him relief from its judgment [sic] entered on 1/31/2000, based on the United States Supreme Court's decision in *McQuiggin v. Perkins,* . . . 133 S. Ct. 1924 . . . (2013), which holds that actual innocence . . . serves as a gateway [to overcome] a procedural bar or expiration of the statute of limitations." The relief sought is to "[r]e-open these proceedings" and "[g]rant all other . . . relief which the Court might deem just, proper and equitable."

The Motion contains facts inapplicable to Burroughs. First, Burroughs argues he is actually innocent of "using or carrying a firearm during and in relation to a crime of violence [in violation of] 42 Pa. C.S.A. § 9712.1(a)," a crime with which Burroughs was not charged. Second, Burroughs argues that he "challenges only the ruling that [he] 'failed to develop' his evidence in state court for purposes of 28 U.S.C. § 2254(e)(2)." The court made no such ruling in denying the 1999 habeas petition; the court ruled on the merits of the claim presented.

Interpreting Burroughs's Motion generously, it could be viewed as (1) raising a new substantive claim of "actual innocence," or (2) arguing that bars to filing a successive habeas petition are overcome by a showing of "actual innocence."

The court has no jurisdiction to review a new claim in a purported Rule 60(b) motion. If a Rule 60(b) motion seeks to litigate a substantive claim, rather than attack a procedural defect in earlier habeas proceedings, the motion is, in substance, a habeas petition. *Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005). Before a district court may entertain a successive habeas petition, a petitioner must obtain an order from the Court of Appeals stating petitioner has satisfied the requirements of § 2244(b). *See* 28 U.S.C. § 2244(b)(3). This is true even if the new claim is one

of "actual innocence"—a requirement which *McQuiggin* did not disturb. *See Candelario v. Warden*, 592 F. App'x 784, 786 (11th Cir. 2014), *cert. denied sub nom. Candelario v. Wilson*, 135 S. Ct. 2367 (2015) ("*McQuiggin's* holding was limited to initial petitions for habeas corpus.").

Thus, Burroughs must first obtain authorization from the Court of Appeals before filing a successive petition in this Court. The Court will construe this Motion as a request for authorization to file a second or successive habeas petition and transfer the Motion to the Court of Appeals for consideration. His request for counsel, which he included in his Motion, is denied as moot. An appropriate order follows.

BY THE COURT:


*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge